IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LYNETTE K. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-0231-SSA-CV-W-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Lynette K. Davis seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II.

The parties' briefs are fully submitted, and an oral argument was held on July 14, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

After consideration of the parties' arguments and a review of the record, this Court finds the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence in the record. Here, the plaintiff's application for disability is based on irritable bowel syndrome (IBS) and bowel incontinence. The ALJ found that despite her severe impairments, the plaintiff retained the residual functional capacity (RFC) to perform light work with certain limitations, including that she be in close proximity to a restroom (i.e. have the ability to get to it in 2 minutes) and have the ability to use the restroom once every hour and a half. The ALJ ultimately concluded that the plaintiff could perform her past relevant work as an administrative clerk.

Plaintiff primarily argues that this case should be remanded for a consultative examination due to the ALJ's failure to fully and fairly develop the record. Upon review of the record, the Court finds that a consultative examination was unnecessary because the ALJ had sufficient evidence to determine the plaintiff's RFC. Plaintiff's reliance on Sierra v. Astrue, Case No. 11-0808-SSA-CV-MJW (W.D. Mo. July 12, 2012), is misplaced in that unlike Sierra, the ALJ here did account for the plaintiff's need to use the restroom during the workday. There was no error by the ALJ.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 14th day of July, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge